# COUNTY OF WALDO.

LEWIS STURTEVANT *versus* INHABITANTS OF LIBERTY.

Town and district orders are not considered to be commercial paper in the hands of *bona fide* indorsees for value, so as to exclude evidence of the legality of their inception; and whoever receives them, does so subject to any legal defence, such as the want of authority in the drawers or acceptors, whose agency, antecedently given or subsequently adopted, is a fact to be proved in order to bind the principals.

ON AGREED STATEMENT OF FACTS.

THIS is an action of ASSUMPSIT brought to recover the amount due on a certain instrument of the tenor following:—

"No 2, Liberty, Dec. 2d, 1856.

"To Albert D. Matthews, Treasurer of the town of Liberty:— Pay to Albert C. Collins, or order, forty dollars, thirty-nine cents, out of the treasury of the town, on account of building a school-house in district No. 7, in Liberty.

"Aaron Collins, ⎫
"Elbridge Davis, ⎬ Building
"Hosea Collins, ⎭ Committee."

On the back of said instrument is written —"Accepted December 2, 1856, A. D. Matthews, Treasurer," and also "Albert C. Collins;" over which said last name plaintiff has written the words "Pay to Lewis Sturtevant."

It is agreed that the signatures to said instrument, and indorsements thereon are genuine; that it was drawn at the time, and for the purpose therein specified; that it was presented by said Collins, on the day of its date, to said Matthews, treasurer, for acceptance and payment; that said Matthews thereupon accepted it, in his official capacity, and that said Collins thereafterwards negotiated and transferred it, in the ordinary course of business, and for a valuable consideration to plaintiff.

VOL. XLVI.        58

Plaintiff puts into the case no records of said district, nor certified copies, nor any evidence, other than what appears upon the face of the above instrument, to prove the legality of the proceedings of said district, or that the persons signing said instrument had any legal authority so to do, or to act in the official capacity in which they assumed to act.

It is agreed that no legal evidence of the organization of said school district, or of any legal meetings therein for the transaction of any business relating to any matters that may be acted upon by school districts, can be produced.

It is also agreed that, since 1853, the existence of said school district has been recognized by the town of Liberty, and by the officers of said town; that there has been a summer and winter school kept in said district every year since the above date; that the expenses of said schools have been paid by money drawn from the treasury of the town on orders drawn in the usual manner; that a school-house was built in said district in 1856, being the same referred to in said instrument; that they have had a school agent in said district every year since 1853; that the clerk of said district certified, to the assessors of said town, that said district had voted to raise the sum of $225,00, for the purpose of defraying the expenses of building said school-house therein, and that said assessors made an assessment upon the strength of said certificate, within thirty days from the date thereof; that said assessment, to the amount aforesaid, was made on the polls and estates within the limits of said district; that said assessment was duly certified to the treasurer aforesaid; that lists thereof were duly committed to the collector of taxes for said town for collection; that he collected thereon, and paid over to the treasurer of the town, the sum of $90,71; that said treasurer has paid out the whole of said sum to persons in whose favor the committee before named had drawn orders, in payment for labor performed and materials furnished in building the school-house aforesaid; that there is now in the hands of said collector the further sum of $6,00, by him collected of said assessment, and that the individuals

named in said lists, who have not paid the tax assessed against them, utterly refuse so to do.

The case was argued by

*R. L. Keene,* for plaintiff, and by

*J. W. Knowlton,* for defendants.

The opinion of the Court was drawn up by

CUTTING, J.—Town and district orders are not considered to be commercial paper in the hands of *bona fide* indorsees for value, so as to exclude evidence as to the legality of their inception; and whoever receives them, does so subject to any legal defence, such as the want of authority in the drawers or acceptors, whose agency antecedently given or subsequently adopted is a fact to be proved in order to bind the principals.

Waiving the consideration as to the organization and proceedings of the district, the question presented would be whether, at the time the order was presented and payment demanded of the town treasurer, he was possessed of the district funds; for only such were at the disposal of the committee. *Vide* R. S. of 1840, c. 17, § 35, and of 1857, c. 11, § 41, which provide that "the money so raised and *paid* shall be at the disposal of the district committee," &c.

The evidence reported fails to prove that the treasurer was in receipt of funds belonging to the district when the demand was made; consequently his refusal to pay was justifiable, and his acceptance unauthorized. *Plaintiff nonsuit.*

TENNEY, C. J., and APPLETON, MAY, DAVIS, and KENT, J. J., concurred.